# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **D.L.-1, and D.L.-2**

**No. 17-0799** (Calhoun County 16-JA-35, & 16-JA-36)

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father S.L., by counsel Ryan M. Ruth, appeals the Circuit Court of Calhoun County's August 4, 2017, order terminating his parental rights to D.L.-1, and D.L.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent when the only evidence was the testimony of a child who had been determined to not be competent to testify.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Upon a referral, a DHHR worker interviewed three-year-old E.Y. based upon disclosure to her biological father that she was sexually abused by petitioner.[3] E.Y. disclosed to the DHHR worker that petitioner had touched her "piggy bug," which she identified as her vagina. She also disclosed that the abuse happened when it was dark outside and that it occurred in her bedroom at night. Further, E.Y. told the DHHR worker that petitioner hurt her and that she felt he was "bad" for hurting her. Following the interview, the DHHR filed an abuse and neglect petition

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we will refer to them as D.L.-1 and D.L.-2 throughout this memorandum decision.

[2]Petitioner makes no specific assignment of error regarding termination of his parental rights.

[3]Although E.Y. is not at issue in this case, petitioner is her step-father and she resided with him when she was in her mother's custody at her mother and petitioner's home.

1

against petitioner and the mother alleging that petitioner sexually abused E.Y. and that the mother had knowledge of the abuse, but took no action to protect E.Y. and continued to allow petitioner to live in the home and have contact with E.Y., as well as the other two children, then one-year-old twins, D.L.-1 and D.L.-2.

The DHHR worker subsequently interviewed the mother, who stated there was no way petitioner could have abused E.Y. because there was never a time E.Y. was left alone with petitioner. The mother also admitted to the DHHR worker that after she became aware of the allegations of sexual abuse, she asked E.Y. to tell petitioner what she was accusing him of and that E.Y. told her mother that they were "bad words" and refused to repeat her disclosure to petitioner. The DHHR worker also interviewed petitioner, who denied ever being alone with E.Y. In November of 2016, the circuit court held an adjudicatory hearing in which it took in camera testimony of E.Y. A transcript of E.Y.'s testimony was prepared and disseminated to counsel. Due to E.Y.'s young age, the parties agreed to a competency evaluation. The adjudicatory hearing was continued four times in order to receive results of E.Y.'s competency evaluation.

In February of 2017, the adjudicatory hearing was concluded. The DHHR worker testified as to the disclosures E.Y. made during her interview with the child, as well as the disclosures made by E.Y. to her paternal great-grandmother and father. The circuit court found that although the competency evaluator found that E.Y. was not competent to testify because she lacked full understanding of truthfulness, such a finding did not preclude the circuit court from finding that the child's statements were indeed truthful. The circuit court noted that the child was consistent in her disclosures to multiple people over time, and that there was no motive for the child to lie and no evidence of any coercion which would cause her to fabricate the allegations. The circuit court found that the mother's testimony that the sexual abuse could not have occurred because petitioner was never alone with E.Y. was not credible. The circuit court found that E.Y. consistently disclosed the details of petitioner's sexual abuse of her to her father, paternal great-grandmother, the DHHR worker, and the circuit court, via the child's testimony. Further, the circuit court found that petitioner had sexually abused E.Y. and adjudicated him as an abusing parent.

In July of 2017, the circuit court held a dispositional hearing wherein it took judicial notice of the testimony from the adjudicatory hearing. The circuit court found by clear and convincing evidence that petitioner sexually abused E.Y. and also found that the mother refused to believe petitioner abused E.Y. and continued to reside with and maintain a relationship with him, despite his adjudication as an abusing parent. The circuit court also found that the twins, D.L.-1 and D.L.-2 were at continued risk of harm in petitioner's care based upon the abuse of E.Y. Furthermore, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination of petitioner's parental and custodial rights was in the best interests of the children. Ultimately, the

2

circuit court terminated petitioner's parental rights in its August 4, 2017, order.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

Petitioner argues that the circuit court erred in adjudicating him as an abusing parent when the only evidence was the testimony of a child who had been determined not to be competent to testify. He asserts that a competency evaluation determined that E.Y. was not competent to testify and that the circuit court acknowledged the evaluator's finding that E.Y. was unable to differentiate between the truth and a lie. He further argues that the in camera testimony and other statements of E.Y. should have been disregarded by the circuit court. We find no merit to petitioner's argument.

Petitioner's argument misstates the record, as it is clear the circuit court considered evidence beyond the in camera testimony of E.Y. In addition to that testimony, the DHHR worker testified regarding her interview with E.Y., as well as to E.Y.'s statements to her father and paternal great-grandmother. Although petitioner argues that the DHHR worker's testimony constituted hearsay, petitioner makes no reference to any objections to the same.[5] Further, in regard to the DHHR worker's testimony, we have held that

---

[4]In addition to the termination of petitioner's parental rights, the parental rights of the mother were also terminated. According to the DHHR and the guardian, the children are placed in a foster home with a permanency plan of adoption.

[5]Pursuant to Rule 10(c) of the West Virginia Rules of Appellate Procedure, the argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented in the lower

(. . . continued)

[t]he West Virginia Rules of Evidence declare that parties must object to the wrongful offer of evidence at a particular time and with reasonable specificity. The failure to object at the time and in the manner designated by Rule 103(a) of the West Virginia Rules of Evidence is treated as a procedural default, with the result that the evidence, even if erroneous, becomes the facts of the case. West Virginia practice imposes the same duty of diligence in regard to nonjury cases. Silence in the circuit court typically constitutes a waiver of objection. *See* W.Va.R.Evid. 103(a)(1).

*Tiffany Marie S.*, 196 W.Va. at 234, 470 S.E.2d at 188. Therefore, because petitioner failed to object to the DHHR worker's testimony, petitioner waived the hearsay issue on appeal.

Furthermore, contrary to his assignment of error, petitioner does not argue that the circuit court erroneously considered the in camera testimony of E.Y., but argues that the circuit court "seemingly justified the adjudication of the [p]etitioner based upon statements made by E.Y. to other individuals." Petitioner is correct that E.Y. was incompetent to testify, which the circuit court recognized. However, the record on appeal shows that the circuit court found the child's consistent statements to her father, paternal great-grandmother, DHHR worker, and the circuit court regarding the sexual abuse committed by petitioner were inherently relevant and reliable. "A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W. Va. 58, 511 S.E.2d 469 (1998). We have also held that

"[a]lthough Rules 401 and 402 of the West Virginia Rules of Evidence strongly encourage admission of as much evidence as possible, Rule 403 of the West Virginia Rules of Evidence restricts this liberal policy by requiring a balancing of interests to determine whether logically relevant is legally relevant evidence. Specifically, Rule 403 provides that although relevant, evidence may nevertheless be excluded when the danger of unfair prejudice, confusion, or undue delay is disproportionate to the value of the evidence." Syllabus point 9, *State v. Derr*, 192 W.Va. 165, 168, 451 S.E.2d 731, 734 (1994).

Syl. Pt. 5, *State v. Trail*, 236 W.Va. 167, 778 S.E.2d 616 (2015). Here, the circuit court found the child's statements relevant and reliable due to their consistency over time when made to different people. The circuit court found no motive for the child to lie or any evidence of coercion which would cause her to fabricate the allegations. However, petitioner did not raise any issues of unfair prejudice, confusion, or undue delay in the circuit court or on appeal. Moreover, to the extent the circuit court did consider the child's in camera testimony, the record further shows that this same evidence was also introduced through the testimony of a DHHR worker. Accordingly, petitioner can establish no undue prejudice in such consideration. Therefore, we find that the circuit court did not abuse its discretion by considering the child's statements.

Petitioner admits that he declined to testify on his own behalf at the adjudicatory hearing and acknowledges that his failure to testify may be held against him. However, he does not

tribunal. Petitioner makes no reference to the record on appeal wherein he objected to the testimony of the DHHR worker.

allege that an error occurred and states that he did not believe his testimony would have changed the circuit court's ruling. We have held that

> Because the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.

Syl. Pt. 2, *W.Va. Dep't of Health & Human Res. ex rel. Wright v. Doris S.*, 197 W. Va. 489, 475 S.E.2d 865 (1996).

West Virginia Code § 49-1-201 provides that an abused child means a child "whose health or welfare is being harmed or threatened by . . . [s]exual abuse or sexual exploitation[.]" Further, we have described the "clear and convincing" standard as one in which

> the evidence in an abuse and neglect case does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence. This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble*, 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996)

*In re F.S. and Z.S.*, 233 W.Va. 538, 546, 759 S.E.2d 769, 777 (2014). As discussed above, the child's statements, as well as the testimony of the DHHR worker regarding the same statements provided sufficient evidence to find that petitioner sexually abused E.Y. Therefore, the circuit court did not err in adjudicating petitioner as an abusing parent.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 4, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: January 8, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker